**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GARY DEAN CHILDERS,

Plaintiff-Appellant,

v.

MAX NEWBERRY, Regional
Supervisor, Oklahoma State
Industries; BOB TOMLINSON,
Supervisor V, Oklahoma State
Industries; DANNY BROWN,
Supervisor IV, Oklahoma State
Industries; DON ALLEN, Low-Grade
Supervisor, Oklahoma State Industries,

Defendants-Appellees.

No. 00-5065
(D.C. No. 99-CV-84-BU)
(N.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Gary Dean Childers appeals from summary judgment granted in favor of defendants on his claim brought pursuant to 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

The essential facts are undisputed. Mr. Childers, a pro se state prisoner, claims that defendants forced him to work in unsafe conditions for the Oklahoma Department of Corrections, resulting in his physical injury. In 1997, he brought a suit for damages caused by that injury in state court under the Oklahoma Governmental Tort Claims Act. The state court dismissed the suit for failure to comply with the requirements of the Act. A year later, Mr. Childers moved to amend his claim to add a cause of action under § 1983. The state court denied the motion, and the Oklahoma Court of Civil Appeals affirmed that denial, holding that allegations of negligence did not state a claim under § 1983.

In 1999, Mr. Childers filed suit in federal court based on the same set of facts, alleging that defendants violated § 1983 by being deliberately indifferent to his safety. The district court determined that Mr. Childers' claim was barred by the doctrine of *res judicata* because his attempt in state court to bring the § 1983 claim raised the identical factual premise that was rejected on the merits and that Mr. Childers could have alleged deliberate indifference at that time.

*See* R. Doc. 34, at 3-4. On appeal, Mr. Childers argues that the doctrine is not applicable to his case because (1) his action in state court was based upon negligence, while his federal claim was based upon deliberate indifference; and (2) his state court action was originally brought for violation of the state governmental tort claims act and not for violation of § 1983. We review the district court's ruling de novo. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).

Based on our review of the appellate record, the briefs, and the pertinent law, we conclude that the district court correctly decided this issue. We reject Mr. Childers' claim that the district court judge is somehow biased against him because the judge is allegedly currently presiding over a heavily-contested prisoner civil rights case. Mr. Childers does not claim that he is a plaintiff in that case, nor has he alleged any other facts that would support a finding of actual or presumptive bias. *See Fero v. Kerby*, 39 F.3d 1462, 1479 (10th Cir. 1994) (discussing requirements for establishing judicial bias).

Therefore, for substantially the same reasons stated in the district court's memorandum opinion and order dated March 30, 2000, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED, and the mandate shall issue forthwith. We DISMISS Mr. Childers'

application for a certificate of appealability, as none is required in a civil rights appeal. Finally, we remind Mr. Childers that he is obligated to continue making partial payments to this court until the entire costs for this appeal have been paid.

Entered for the Court

Stephen H. Anderson
Circuit Judge